<u>**WARNING:**</u>  <u>**THIS IS A SEALED DOCUMENT CONTAINING NON-PUBLIC INFORMATION**</u>

STEVEN S. ALM
United States Attorney
District of Hawaii

SEALED
BY ORDER OF THE COURT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

ELLIOT ENOKI
First Assistant U.S. Attorney

NOV 0 1 2000

THOMAS MUEHLECK
LORETTA SHEEHAN
BEVERLY WEE SAMESHIMA
Assistant U.S. Attorneys
Room 6100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850

at ____ o'clock and ____ min. ___M
WALTER A. Y. H. CHINN, CLERK

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 00-00245 DAE |
| | ) | |
| Plaintiff, | ) | FIRST SUPERSEDING INDICTMENT |
| | ) | |
| v. | ) | [21 U.S.C. §§ 846, 843(b), |
| | ) | 841(a)(1), 853; 18 U.S.C. §§ |
| JOSE MANUEL CERVANTES, (01), | ) | 2, 1956(h), 1956(a)(1)(B)(i)] |
| aka "Juan," | ) | |
| aka "Chema," | ) | |
| DIONICIO BANUELOS, (02), | ) | |
| aka "Edgar," | ) | |
| aka "Nicio," | ) | |
| GERMAN ARCADIA, (03), | ) | |
| aka "Frankie," | ) | |
| FERNANDO ARCADIA, (04), | ) | |
| aka "Meno," | ) | |
| aka "Manuel," | ) | |
| JERRY JANIGA, (06), | ) | |
| KELIMANA JANIGA, (07), | ) | |
| TULSIE BLISS ANDERSON, (08), | ) | |
| ROBERT MUNDA, (09), | ) | |
| aka "Roberto," | ) | |
| BRANDON K. BLAIR, (10), | ) | |
| COURSEN REED HOKE, (12), | ) | |

```
BRIAN HENRY FISHER,             (14),)
JANET LYNN STEWART,             (15),)
SHARON L. RABBETT,              (17),)
     aka "Pimienta,"                 )
JIMMY JOE JAMES,                (18),)
     aka "Aloha Jimmy,"              )
RAYMOND F. SALGADO,             (19),)
EDMUNDO GIOVANNI VILLAGRAN,     (20),)
     aka "Mike,"                     )
JORGE GAMAS-GARCIA,             (21),)
                                     )
          Defendants.               )
_____)
```

## FIRST SUPERSEDING INDICTMENT

### COUNT 1

The Grand Jury charges that:

From a date unknown, but from at least January 1, 1999, to on or about June 14, 2000, in the District of Hawaii and elsewhere, the defendants JOSE MANUEL CERVANTES, aka "Juan," aka "Chema," DIONICIO BANUELOS, aka "Edgar," aka "Nicio," GERMAN ARCADIA, aka "Frankie," FERNANDO ARCADIA, aka "Meno," aka "Manuel," JERRY JANIGA, KELIMANA JANIGA, TULSIE BLISS ANDERSON, ROBERT MUNDA, aka "Roberto," BRANDON K. BLAIR, COURSEN REED HOKE, BRIAN HENRY FISHER, JANET LYNN STEWART, SHARON L. RABBETT, aka "Pimienta," JIMMY JOE JAMES, aka "Aloha Jimmy," RAYMOND F. SALGADO, EDMUNDO GIOVANNI VILLAGRAN, aka "Mike," JORGE GAMAS-GARCIA, did conspire together with each other and with Oscar Hernandez Garcia; Marina Lopez; El Cuate; Layla Acevedo; Ronald Edwin Roose; Vanessa Ahyen Contreras-Lule; Gary Wayne Begley; Bonnie Leslie Barrack, aka "Bonita; Sky Schaeffer, not defendants

2

herein, and with other persons unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute one kilogram or more of heroin, a Schedule I controlled substance.

<u>Ways and Means of Accomplishing the Conspiracy</u>

1.   Oscar Hernandez Garcia, Marina Lopez and others arranged for quantities of heroin to be transported from California by courier and express mail packages to Maui for distribution.

2.   Layla Acevedo and Ronald Edwin Roose and others carried one-half kilogram quantities of heroin from Los Angeles, California to Maui, Hawaii where the heroin was intended to be distributed in grams and one-half gram quantities.

3.   JOSE MANUEL CERVANTES, aka "Juan," aka "Chema," DIONICIO BANUELOS, aka "Edgar," aka "Nicio," GERMAN ARCADIA, aka "Frankie," FERNANDO ARCADIA, aka "Meno," aka "Manuel," RAYMOND F. SALGADO, EDMUNDO GIOVANNI VILLAGRAN, aka "Mike," JORGE GAMAS-GARCIA and El Cuate distributed the heroin in grams and one-half gram quantities to individuals throughout the island of Maui for cash.

4.   The co-conspirators used long distance telephone calls and cellular telephones to arrange for the distribution of heroin.

OVERT ACTS

In furtherance of and in order to accomplish the objects of this conspiracy, the defendants and their co-conspirators performed overt acts in the District of Hawaii and elsewhere, including but not limited to, the following:

1.   On or about January 4, 2000, Ronald Edwin Roose transported approximately one kilogram of heroin from California to Kahului Airport in Maui.

2.   On or about January 10, 2000, Oscar Hernandez Garcia sent five hundred grams of heroin from California by Federal Express to defendant JERRY JANIGA in Makawao, Hawaii.

3.   On or about March 4, 2000, DIONICIO BANUELOS, aka "Edgar," aka "Nicio," telephoned Vanessa Ahyen Contreras-Lule and discussed leaving Maui because of police activity.

4.   On or about March 4, 2000, SHARON L. RABBETT, aka "Pimienta," telephoned JOSE MANUEL CERVANTES, aka "Juan," aka "Chema," and discussed the purchase of a quantity of heroin.

5.   On or about March 9, 2000, Vanessa Ahyen Contreras-Lule telephoned DIONICIO BANUELOS, aka "Edgar," aka "Nicio," and discussed leaving Maui and returning to Mexico.

6.   On or about March 28, 2000, JOSE MANUEL CERVANTES, aka "Juan," aka "Chema," GERMAN ARCADIA, aka "Frankie," and FERNANDO ARCADIA, aka "Meno," aka "Manuel," met with JANET LYNN STEWART.

7.    On or about March 29, 2000, EDMUNDO GIOVANNI VILLAGRAN, aka "Mike," telephoned GERMAN ARCADIA, aka "Frankie," and discussed VILLAGRAN's arrest.

8.    On or about April 7, 2000, FERNANDO ARCADIA, aka "Meno," aka "Manuel," distributed a quantity of heroin to an undercover agent of the Federal Bureau of Investigation (FBI).

9.    On or about April 9, 2000, FERNANDO ARCADIA, aka "Meno," aka "Manuel," and GERMAN ARCADIA, aka "Frankie," distributed a quantity of heroin to an undercover agent of the FBI.

10.    On or about April 14, 2000, FERNANDO ARCADIA, aka "Meno," aka "Manuel," distributed a quantity of heroin to an undercover agent of the FBI.

11.    On or about April 18, 2000, JIMMY JOE JAMES, aka "Aloha Jimmy," telephoned GERMAN ARCADIA, aka "Frankie," and discussed the distribution of a quantity of heroin.

12.    On or about April 20, 2000, Gary Wayne Begley telephoned FERNANDO ARCADIA, aka "Meno," aka "Manuel," and discussed the distribution of a quantity of heroin.

13.    On or about April 25, 2000, EDMUNDO GIOVANNI VILLAGRAN, aka "Mike," telephone GERMAN ARCADIA, aka "Frankie," and discussed the distribution of heroin on the Island of Maui.

14.  On or about April 27, 2000, FERNANDO ARCADIA, aka "Meno," aka "Manuel," distributed a quantity of heroin to an undercover agent of the FBI.

15.  On or about April 30, 2000, Layla Acevedo transported approximately 800 grams of heroin from California to Kahului Airport on Maui.

16.  On or about May 1, 2000, KELIMANA JANIGA telephoned GERMAN ARCADIA, aka "Frankie," and discussed the shipment of a quantity of heroin.

17.  On or about May 2, 2000, KELIMANA JANIGA telephoned GERMAN ARCADIA, aka "Frankie," and discussed the shipment of a quantity of heroin.

18.  On or about May 5, 2000, FERNANDO ARCADIA, aka "Meno," aka "Manuel," and GERMAN ARCADIA, aka "Frankie," distributed a quantity of heroin to an undercover agent of the FBI.

19.  On or about May 16, 2000,  FERNANDO ARCADIA, aka "Meno," aka "Manuel," and GERMAN ARCADIA, aka "Frankie," distributed a quantity of heroin to an undercover agent of the FBI.

20.  On or about May 22, 2000, Oscar Hernandez Garcia shipped approximately 500 grams of heroin by Federal Express to JERRY JANIGA and KELIMANA JANIGA in Makawao, Hawaii.

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

The Grand Jury further charges that:

On or about January 11, 2000, in the District of Hawaii, the defendant KELIMANA JANIGA did knowingly and intentionally attempt to possess with intent to distribute a quantity of heroin, a Schedule I controlled substance, in excess of 100 grams.

All in violation of Title 21, United States Code, Section 846.

## COUNT 3

The Grand Jury further charges that:

On or about March 4, 2000, in the District of Hawaii, the defendant SHARON L. RABBETT, aka "Pimienta," used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a conspiracy to distribute a quantity of heroin, a Schedule I controlled substance, a felony under Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT 4

The Grand Jury further charges that:

On or about March 28, 2000, in the District of Hawaii, the defendant JANET LYNN STEWART used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a conspiracy to distribute heroin, a Schedule I controlled substance, a felony under Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT 5

The Grand Jury further charges that:

On or about March 29, 2000, in the District of Hawaii, the defendant GERMAN ARCADIA, aka "Frankie," and Bonnie Leslie Barrack, aka "Bonita," used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a conspiracy to distribute heroin, a Schedule I controlled substance, a felony under Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT 6

The Grand Jury further charges that:

On or about March 30, 2000, in the District of Hawaii, the defendant JANET LYNN STEWART used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a conspiracy to distribute heroin, a Schedule I controlled substance, a felony under Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT 7

The Grand Jury further charges that:

On or about April 13, 2000, in the District of Hawaii, the defendant GERMAN ARCADIA, aka "Frankie," and Bonnie Leslie Barrack, aka "Bonita," used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a conspiracy to distribute heroin, a Schedule I controlled substance, a felony under Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

<u>COUNT 8</u>

The Grand Jury further charges that:

On or about April 7, 2000, in the District of Hawaii, the defendant COURSEN REED HOKE used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a possession of a quantity of heroin with intent to distribute, a Schedule I controlled substance, a felony under Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

<u>COUNT 9</u>

The Grand Jury further charges that:

On or about April 7, 2000, in the District of Hawaii, the defendants GERMAN ARCADIA, aka "Frankie," and FERNANDO ARCADIA, aka "Meno," aka "Manuel," each aiding and abetting the other, did knowingly and intentionally distribute a quantity of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

<u>COUNT 10</u>

The Grand Jury further charges that:

On or about April 9, 2000, in the District of Hawaii, the defendants GERMAN ARCADIA, aka "Frankie," and FERNANDO

10

ARCADIA, aka "Meno," aka "Manuel," each aiding and abetting the other, did knowingly and intentionally distribute a quantity of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT 11

The Grand Jury further charges that:

On or about April 10, 2000, in the District of Hawaii, the defendant TULSIE BLISS ANDERSON used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a conspiracy to distribute heroin, a Schedule I controlled substance, a felony under Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT 12

The Grand Jury further charges that:

On or about April 14, 2000, in the District of Hawaii, the defendant COURSEN REED HOKE used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a possession of a quantity of heroin with intent to distribute, a Schedule I controlled substance, a felony under Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

## COUNT 13

The Grand Jury further charges that:

On or about April 14, 2000, in the District of Hawaii, the defendant SHARON L. RABBETT, aka "Pimienta," used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a conspiracy to distribute heroin, a Schedule I controlled substance, a felony under Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT 14

The Grand Jury further charges that:

On or about April 14, 2000, in the District of Hawaii, the defendant FERNANDO ARCADIA, aka "Meno," aka "Manuel," did knowingly and intentionally distribute a quantity of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 15

The Grand Jury further charges that:

On or about April 15, 2000, in the District of Hawaii, the defendant BRIAN HENRY FISHER used and caused to be used a

communications facility, that is, a telephone, in causing or facilitating the commission of a possession of a quantity of heroin, a Schedule I controlled substance, with intent to distribute, a felony under Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

COUNT 16

The Grand Jury further charges that:

On or about April 15, 2000, in the District of Hawaii, the defendants GERMAN ARCADIA, aka "Frankie," and BRANDON K. BLAIR used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a distribution of a quantity of heroin, a Schedule I controlled substance, a felony under Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

COUNT 17

The Grand Jury further charges that:

On or about April 16, 2000, in the District of Hawaii, the defendant BRANDON K. BLAIR used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a conspiracy to distribute heroin,

13

a Schedule I controlled substance, a felony under Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

### COUNT 18

The Grand Jury further charges that:

On or about April 17, 2000, in the District of Hawaii, the defendants GERMAN ARCADIA, aka "Frankie," and BRANDON K. BLAIR used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a distribution of a quantity of heroin, a Schedule I controlled substance, a felony under Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

### COUNT 19

The Grand Jury further charges that:

On or about April 18, 2000, in the District of Hawaii, the defendant JIMMY JOE JAMES, aka "Aloha Jimmy," used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a possession of a quantity of heroin, a Schedule I controlled substance, with intent to distribute, a felony under Title 21, United States Code, Section 841(a)(1).

14

All in violation of Title 21, United States Code, Section 843(b).

### COUNT 20

The Grand Jury further charges that:

On or about April 19, 2000, in the District of Hawaii, the defendant JANET LYNN STEWART used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a conspiracy to distribute heroin, a Schedule I controlled substance, a felony under Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

### COUNT 21

The Grand Jury further charges that:

On or about April 19, 2000, in the District of Hawaii, the defendant BRIAN HENRY FISHER used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a possession of a quantity of heroin, a Schedule I controlled substance, with intent to distribute, a felony under Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

<u>COUNT 22</u>

The Grand Jury further charges that:

On or about April 20, 2000, in the District of Hawaii, the defendants GERMAN ARCADIA, aka "Frankie," and ROBERT MUNDA, aka "Roberto," used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a distribution of a quantity of heroin, a Schedule I controlled substance, a felony under Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

<u>COUNT 23</u>

The Grand Jury further charges that:

On or about April 22, 2000, in the District of Hawaii, the defendant TULSIE BLISS ANDERSON used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a conspiracy to distribute heroin, a Schedule I controlled substance, a felony under Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

16

<u>COUNT 24</u>

The Grand Jury further charges that:

On or about April 22, 2000, in the District of Hawaii, the defendant TULSIE BLISS ANDERSON used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a conspiracy to distribute heroin, a Schedule I controlled substance, a felony under Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

<u>COUNT 25</u>

The Grand Jury further charges that:

On or about April 22, 2000, in the District of Hawaii, the defendant FERNANDO ARCADIA, aka "Meno," and Gary Wayne Begley used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a distribution of a quantity of heroin, a Schedule I controlled substance, a felony under Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

<u>COUNT 26</u>

The Grand Jury further charges that:

On or about April 24, 2000, in the District of Hawaii, the defendants FERNANDO ARCADIA, aka "Meno," and ROBERT MUNDA, aka "Roberto," used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a distribution of a quantity of heroin, a Schedule I controlled substance, a felony under Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

<u>COUNT 27</u>

The Grand Jury further charges that:

On or about April 24, 2000, in the District of Hawaii, the defendant FERNANDO ARCADIA, aka "Meno," and Gary Wayne Begley used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a distribution of a quantity of heroin, a Schedule I controlled substance, a felony under Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

COUNT 28

The Grand Jury further charges that:

On or about April 25, 2000, in the District of Hawaii, the defendant FERNANDO ARCADIA, aka "Meno," and Gary Wayne Begley used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a distribution of a quantity of heroin, a Schedule I controlled substance, a felony under Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

COUNT 29

The Grand Jury further charges that:

On or about April 25, 2000, in the District of Hawaii, the defendant GERMAN ARCADIA, aka "Frankie," used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a conspiracy to distribute heroin, a Schedule I controlled substance, a felony under Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT 30

The Grand Jury further charges that:

On or about April 26, 2000, in the District of Hawaii, the defendant JIMMY JOE JAMES, aka "Aloha Jimmy," used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a possession of a quantity of heroin, a Schedule I controlled substance, with intent to distribute, a felony under Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

## COUNT 31

The Grand Jury further charges that:

On or about April 27, 2000, in the District of Hawaii, the defendant GERMAN ARCADIA, aka "Frankie," used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a conspiracy to distribute heroin, a Schedule I controlled substance, a felony under Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

COUNT 32

The Grand Jury further charges that:

On or about April 27, 2000, in the District of Hawaii, the defendants GERMAN ARCADIA, aka "Frankie," and FERNANDO ARCADIA, aka "Meno," aka "Manuel," aiding and abetting the other, did knowingly and intentionally distribute a quantity of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

COUNT 33

The Grand Jury further charges that:

On or about April 29, 2000, in the District of Hawaii, the defendant GERMAN ARCADIA, aka "Frankie," used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a conspiracy to distribute heroin, a Schedule I controlled substance, a felony under Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

COUNT 34

The Grand Jury further charges that:

On or about April 30, 2000, in the District of Hawaii, the defendant GERMAN ARCADIA, aka "Frankie," used and caused to be used a communications facility, that is, a telephone, in

causing or facilitating the commission of a conspiracy to distribute heroin, a Schedule I controlled substance, a felony under Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT 35

The Grand Jury further charges that:

On or about April 30, 2000, in the District of Hawaii, the defendant GERMAN ARCADIA, aka "Frankie," used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a conspiracy to distribute heroin, a Schedule I controlled substance, a felony under Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT 36

The Grand Jury further charges that:

On or about April 30, 2000, in the District of Hawaii, the defendant GERMAN ARCADIA, aka "Frankie," used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a conspiracy to distribute heroin, a Schedule I controlled substance, a felony under Title 21, United States Code, Section 846.

22

All in violation of Title 21, United States Code, Section 843(b).

### COUNT 37

The Grand Jury further charges that:

On or about May 2, 2000, in the District of Hawaii, the defendants GERMAN ARCADIA, aka "Frankie," and JERRY JANIGA used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a conspiracy to distribute heroin, a Schedule I controlled substance, a felony under Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

### COUNT 38

The Grand Jury further charges that:

On or about May 2, 2000, in the District of Hawaii, the defendants GERMAN ARCADIA, aka "Frankie," and KELIMANA JANIGA used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a conspiracy to distribute heroin, a Schedule I controlled substance, a felony under Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

COUNT 39

The Grand Jury further charges that:

On or about May 2, 2000, in the District of Hawaii, the defendants GERMAN ARCADIA and KELIMANA JANIGA used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a conspiracy to distribute heroin, a Schedule I controlled substance, a felony under Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

COUNT 40

The Grand Jury further charges that:

On or about May 3, 2000, in the District of Hawaii, the defendant COURSEN REED HOKE used and caused to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a conspiracy to distribute heroin, a Schedule I controlled substance, a felony under Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

COUNT 41

The Grand Jury further charges that:

On or about May 5, 2000, in the District of Hawaii, the defendants GERMAN ARCADIA, aka "Frankie," and FERNANDO ARCADIA,

24

aka "Meno," aiding and abetting the other, did knowingly and intentionally distribute a quantity of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

<u>COUNT 42</u>

The Grand Jury further charges that:

On or about May 16, 2000, in the District of Hawaii, the defendants GERMAN ARCADIA, aka "Frankie," and FERNANDO ARCADIA, aka "Meno," aiding and abetting the other, did knowingly and intentionally distribute a quantity of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

<u>COUNT 43</u>

The Grand Jury further charges that:

On or about May 22, 2000, in the District of Hawaii, the defendants KELIMANA JANIGA and JERRY JANIGA did knowingly and intentionally attempt to possess with intent to distribute a quantity of heroin, a Schedule I controlled substance, in excess of 100 grams.

All in violation of Title 21, United States Code, Section 846.

## COUNT 44

The Grand Jury further charges that:

From a date unknown, but from at least on or about April 20, 2000, and continuing to on or about June 14, 2000, in the District of Hawaii and elsewhere, the defendants GERMAN ARCADIA, aka "Frankie," JERRY JANIGA, KELIMANA JANIGA did unlawfully, willfully and knowingly conspire with each other and with Oscar Hernandez Garcia, not a defendant herein, and with other persons unknown to the Grand Jury, to conduct and attempt to conduct financial transactions affecting interstate commerce, to wit, the exchange of $12,000 in U.S. currency in small denominations for $12,000 in U.S. currency in one hundred dollar bills, which involved the proceeds of a specified unlawful activity, that is, the distribution of heroin, a Schedule I controlled substance, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity and knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

## OVERT ACTS

In furtherance of and in order to accomplish the objects of this conspiracy, the defendants and co-conspirators

performed overt acts in the District of Hawaii and elsewhere, including but not limited to the following:

1.    On or about April 25, 2000, defendant GERMAN ARCADIA, aka "Frankie," spoke with Oscar Hernandez Garcia over the telephone and discussed the exchange of U.S. currency at banks on the Island of Maui.

2.    On or about April 25, 2000, defendants JERRY JANIGA and KELIMANA JANIGA drove to the Bank of Hawaii, Maui Mall Branch, Wailuku, Hawaii and exchanged $3,000 in U.S. currency.

3.    On or about April 25, 2000, defendants JERRY JANIGA and KELIMANA JANIGA drove to the Bank of Hawaii, Main Street Branch, Wailuku, Hawaii and exchanged $3,000 in U.S. currency.

4.    On or about April 25, 2000, defendants JERRY JANIGA and KELIMANA JANIGA drove to 484 Kea Street, Wailuku, Hawaii.

All in violation of Title 18, United States Code, Section 1956(h).

COUNT 45

The Grand Jury further charges that:

On or about April 25, 2000, in the District of Hawaii, the defendants JERRY JANIGA and KELIMANA JANIGA did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit, the exchange of $3,000 in

U.S. currency in small denomination bills for $3,000 in U.S. currency in one hundred dollar bills, which involved the proceeds of a specified unlawful activity, that is, the distribution of heroin, a Schedule I controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transactions, that is, funds in the amount of $3,000 represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and 2.

<u>COUNT 46</u>

The Grand Jury further charges that:

On or about April 25, 2000, in the District of Hawaii, the defendants JERRY JANIGA and KELIMANA JANIGA did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit, the exchange of $3,000 in U.S. currency in small denomination bills for $3,000 in U.S. currency in one hundred dollar bills, which involved the proceeds of a specified unlawful activity, that is, the distribution of heroin, a Schedule I controlled substance, knowing that the transaction was designed in whole and in part to conceal and

disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transactions, that is, funds in the amount of $3,000 represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and 2.

## COUNT 47

The Grand Jury further charges that:

A.    In committing the offenses alleged in Counts 1, 2 and 43 of this Indictment, the defendants JERRY JANIGA and KELIMANA JANIGA used, or intended to be used, in any manner or part, the following real property, to commit, or to facilitate the commission of said offense:

> Real Property identified as Tax Map Key Number 2-7-002-015(2) and described as all of that certain parcel of land (portion of the land Deed of M. Kekuanoa, Guardian of Victoria Kamamalu, to John T. Gower, dated October 19, 1849, recorded in the Bureau of Conveyances of the State of Hawaii in Book 1, Page 57) situate, lying and being Puuomalei, Hamakualoa, Island and County of Maui, State of Hawaii, being Lot Number One (1) and all appurtenances and improvements thereto.

B.    Furthermore, any and all property constituting or derived from any proceeds the defendants obtained, directly or indirectly, as a result of the offense.

29

C.    Furthermore, any and all property located within the United States, and any property not specifically named herein which was used, or intended to be used, to commit or to facilitate the commission of said offense, and any property constituting or derived from any proceeds obtained directly or indirectly as a result of the offense.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants -

(1)    cannot be located upon the exercise of due diligence;

(2)    has been transferred or sold to, or deposited with, a third person;

(3)    has been placed beyond the jurisdiction of the Court;

(4)    has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty;

It is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

By virtue of the commission by said defendants of the said offense charged in the Indictment, said defendants shall

forfeit any and all interest they have in the aforesaid
properties pursuant to Title 21, United States Code, Section 853.

All in violation of Title 21, United States Code,
Section 853.

COUNT 48

The Grand Jury further charges that:

A.   In committing the offense alleged in
Count 1 of this Indictment, defendant SHARON RABBETT used, or
intended to be used, in any manner or part, the following
property, to commit, or to facilitate the commission of said
offense:

> One 1994 White Nissan Pathfinder, bearing Hawaii
> License Number MZS-090, Vehicle Identification
> Number JN8HD17Y4RW209720.

B.   Furthermore, any and all property constituting or
derived from any proceeds the defendant obtained, directly or
indirectly, as a result of the offense.

C.   Furthermore, any and all property located within
the United States, and any property not specifically named herein
which was used, or intended to be used, to commit or to
facilitate the commission of said offense, and any property
constituting or derived from any proceeds obtained directly or
indirectly as a result of the offense.

If any of the above-described forfeitable property, as
a result of any act or omission of the defendant -

31

> (1)  cannot be located upon the exercise of due
> diligence;
>
> (2)  has been transferred or sold to, or deposited
> with, a third person;
>
> (3)  has been placed beyond the jurisdiction of the
> Court;
>
> (4)  has been substantially diminished in value; or has
> been commingled with other property which cannot
> be subdivided without difficulty;

It is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

By virtue of the commission by said defendant of the said offense charged in the Indictment, said defendant shall forfeit any and all interest they have in the aforesaid properties pursuant to Title 21, United States Code, Section 853.

All in violation of Title 21, United States Code, Section 853.

### COUNT 49

The Grand Jury further charges that:

A.  In committing the offense alleged in Count 1 of this Indictment, defendant JANET LYNN STEWART used, or intended to be used, in any manner or part, the following real

property, to commit, or to facilitate the commission of said offense:

> Real Property identified as Tax Map Key Number 2-7-008-102-0000 and described as all of that certain parcel of land (being a portion of Grant 220 to W.L. Lee and a portion of Grant 121 to R. Armstrong), situate on the northeasterly side of Kauhikoa Road at Pauwela, Hamakualoa, Island and County of Maui, State of Hawaii, and all appurtenances and improvements thereto.

B.     Furthermore, any and all property constituting or derived from any proceeds the defendant obtained, directly or indirectly, as a result of the offense.

C.     Furthermore, any and all property located within the United States, and any property not specifically named herein which was used, or intended to be used, to commit or to facilitate the commission of said offense, and any property constituting or derived from any proceeds obtained directly or indirectly as a result of the offense.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant -

(1)     cannot be located upon the exercise of due diligence;

(2)     has been transferred or sold to, or deposited with, a third person;

(3)     has been placed beyond the jurisdiction of the Court;

(4)  has been substantially diminished in value; or has

been commingled with other property which cannot

be subdivided without difficulty;

It is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p) to seek forfeiture of any

other property of said defendant up to the value of the above

forfeitable property.

By virtue of the commission by said defendant of the

said offense charged in the Indictment, said defendant shall

forfeit any and all interest they have in the aforesaid

properties pursuant to Title 21, United States Code, Section 853.

All in violation of Title 21, United States Code,

Section 853.

DATED: _____11/1/2000_____, at Honolulu, Hawaii.

A TRUE BILL

/s/
_____
FOREPERSON, GRAND JURY

_____
STEVEN S. ALM
United States Attorney
District of Hawaii

_____
ELLIOT ENOKI
First Assistant U.S. Attorney

_____
THOMAS MUEHLECK
Assistant U.S. Attorney

_____
LORETTA SHEEHAN
Assistant U.S. Attorney

_____
BEVERLY WEE SAMESHIMA
Assistant U.S. Attorney

United States v. Jose Cervantes, et al.
Cr. No. 00-00245 DAE
First Superseding Indictment

35